**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-2100**

_____

WINDSOR COAL COMPANY; EAST COAST RISK MANAGEMENT, LLC,

        Petitioners,

     v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; WAYNE G. PORTER,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (21-0487-BLA)

_____

Submitted:  January 30, 2024                     Decided:  February 8, 2024

_____

Before NIEMEYER and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Toni J. Williams, SUTTERWILLIAMS, LLC, Pittsburgh, Pennsylvania, for Petitioners.  Timothy C. MacDonnell, Lexi Weber, Student Caseworker, Advanced Administrative Litigation Clinic, WASHINGTON AND LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Windsor Coal Company ("Employer") petitions this court for review of the Benefits Review Board's (BRB) decision affirming the Administrative Law Judge's (ALJ) award of benefits to Wayne G. Porter ("Claimant") under the Black Lung Benefits Act (the "Act"), 30 U.S.C. §§ 901-944. Employer argues that the ALJ erroneously credited Claimant's medical experts and evidence and discredited Employer's medical experts in finding that Claimant established that he was totally disabled and in concluding that Employer failed to rebut the presumption that Claimant's total disability was due to pneumoconiosis. We deny the petition for review.

Our review of a decision awarding black lung benefits is deferential, considering "only whether substantial evidence supports the factual findings of the ALJ and whether the [ALJ's and the BRB's] legal conclusions . . . are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained [her] rationale in crediting certain evidence." *Id.* (internal quotation marks omitted). However, "it is for the ALJ, as the trier of fact, to make factual and credibility determinations, and we therefore defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions." *Id.* (cleaned up). "So long as an ALJ's findings in this regard are supported by substantial evidence, they must be sustained." *Id.* If an ALJ errs by failing to consider relevant evidence or failing to adequately explain her weighing of the evidence, any error that did not affect the outcome of the proceeding is harmless and

2

does not require remand. *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 253 (4th Cir. 2016) ("Administrative adjudications are subject to the same harmless error rule that generally applies to civil cases.").

Employer first argues that the ALJ erred in her consideration of the arterial blood gas ("ABG") studies. We conclude that the ALJ's findings are supported by substantial evidence. Although the ALJ erroneously stated in her opinion that the most recent resting ABG was qualifying, she recognized twice elsewhere in the opinion that the most recent ABG study did not yield a qualifying resting value. The ALJ also properly explained that she emphasized exercise ABG values over resting values because coal mine employment requires physical exertion.

Employer next argues that neither Dr. Go nor Dr. Sood considered all the objective medical evidence and that therefore the ALJ erred in crediting their opinions on disability. Employer also contends that the ALJ erred in discrediting the opinions of Drs. Werntz, Basheda, and Rosenberg on the issues of both disability and whether they rebutted the presumption that Claimant's total disability was due to pneumoconiosis. However, Employer's arguments largely amount to a disagreement with the ALJ's weighing of the evidence—a decision we leave to the ALJ. *See Addison*, 831 F.3d at 252; *Hobet Mining, LLC*, 783 F.3d at 504. We have reviewed the ALJ's decision and the medical records and conclude that the ALJ permissibly credited the opinions of Go and Sood over those of Werntz, Basheda, and Rosenberg.

3

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*